153.    Lanter Delivery did extend a small window of time on August 30, 2020 to Pepper Companies to retrieve office equipment at an office maintained on property owned or leased by Lanter Delivery.

154.    Independent Service was contacted by authorities relating to inspections performed on said equipment after August 22, 2020. For example, on or about August 26, 2020, a unit was pulled over for a DOT inspection in which the DOT contacted Independent Service.

### Other Vendors

155.    Additionally, on August 22, 2020, counsel for Logistics Resource received a Notice of Default and Termination from Dedicated Equipment Solutions, LLC, which related to the rental of equipment in Montana comprised of pick-up trucks and trailers.

156.    This despite the fact that payment for said lease had been timely authorized and issued by Logistics Resource on August 10, 2020 pursuant to invoice no. 202007T.

157.    Logistics Resource has no knowledge as to why said payment would not have been received by Dedicated Equipment Solutions other than that its delivery was handled by Rachel Tomasek. Upon information and belief, this was part of Rachel Tomasek's role in the conspiracy, plot, and plan of Defendants to disable and kill Pepper Companies.

158.    Rachel Tomasek had *no* independent authority to delay or fail to deliver any payment to be made on behalf of Logistics Resource.

159.    Further, on August 28, 2020, Logistics Resource received a demand from Ryder to return certain units and equipment rented from Ryder in a contract separate and apart from any Ryder contract relating to Lanter Delivery, which were rented on a short-term basis to service Logistics Resource's Centurion Container, LLC ("Centurion") account.

160.    Logistics Resource was current on the lease/rental with Ryder for this equipment leased/rented to service its Centurion account.



**Electronic Property Owned by Pepper Companies**

161.    In each vehicle power unit, LRS Leasing purchased and had the following electronic items installed (hereafter, "Pepper Electronic Property"):

      a.  Geotab black boxes (ELD/GPS) which are installed and connect to the power unit's onboard central processing unit (CPU). These are attached to the plug port located below the steering wheel. The accompanying black box is secured under the steering wheel with zip ties.

      b.  Samsung tablets which were mounted in a tablet holder on the power unit's dash.

      c.  Drivecams Dash Camera Systems which were mounted on the power unit's dash.

162.    This Pepper Electronic Property, which is worth hundreds of thousands of dollars in aggregate, remains in the possession of Defendants as part of their scheme.

163.    To the extent that White Line, Darien Brokerage, and their drivers are *currently* using the Pepper Electronic Property to meet their regulatory requirements under state and federal law, there has been no authorization to do so.

**Bad Faith Financing from Lanter Delivery**

164.    Through the course of its dealings with Lanter Delivery, promissory notes were given to Timeless Logistical by Lanter Delivery and to Independent Service by Lanter Delivery Services, Inc., which upon information and belief no longer exists.

165.    These promissory notes between Timeless Logistical and Lanter Delivery were dated March 26, 2018, June 14, 2018, September 17, 2018, May 1, 2019, and July 16, 2019.

166.    The promissory note between Independent Service and Lanter Delivery Services, Inc. was dated February 29, 2016.

167.    On May 1, 2019, Jonathan Pepper signed a guaranty with Lanter Delivery.

168.    Through the course of dealing with Timeless Logistical and Independent Service, Lanter Delivery never collected payment under the notes from the weekly payment from Lanter Delivery on these various promissory notes except with funds set-off by rate increases.

169.    In fact, Lanter Delivery expressly applied portions of rate increases to the promissory note(s) so that the net effect was never felt by Timeless Logistical and/or Independent Service.

170.    Lanter Delivery proposed the use of promissory notes as a method to inject cash into Timeless Logistical, Independent Service rather than a rate increase at the time the loans were given.

171.    The promissory notes were issued with the assurances that the parties would continue to negotiate rate increases. That representation proved to be false.

172.    Lanter Delivery intentionally lulled Timeless Logistical, Independent Service, Jim Pepper, and Jonathan Pepper into the belief that these promissory notes would only be paid through rate increases. Jim Pepper was told by representatives from Lanter Delivery that Jonathan Pepper need not worry about any guaranty.

173.    As stated above, Pepper Companies operated on a slim margin in payment for its services by Lanter Delivery.

174.    Pepper Companies did not object to lump sum payments from Lanter Delivery because of the assurance that no payment needed to be made until such time that Lanter Delivery had increased the rates for Pepper Companies to fully offset said payments.

175.    When Lanter Delivery and its co-conspirators sought to execute their plan to take over the business, equipment, and drivers of Pepper Companies, Lanter Delivery sought to use

these promissory notes as additional financial burden upon Timeless Logistical and Independent Service, and by extension all Pepper Companies.

**COUNT I - CONVERSION**

176.   C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

177.   Pepper Companies had a current and valid possessory interest in the approximately 1,000 power units and trailers and any other equipment leased from Ryder and had legal possession of said equipment at the time possession of the equipment was deprived of Pepper Companies as part of the scheme, plan, coordination, and concerted efforts of Defendants and conveyed to Defendants as alleged hereinabove.

178.   The scheme, to disable and kill Pepper Companies, was planned in, directed from, and coordinated with all Defendants from St. Louis County, State of Missouri.

179.   At all relevant times, LRS Leasing was and is the owner and had legal possession of the Pepper Electronic Property maintained inside the equipment leased from Ryder and from Dedicated Equipment Solutions, LLC.

180.   At all relevant times, as alleged in paragraphs 262 through 264 hereinbelow, Pepper Companies was and is the owner and had legal possession of the trade secret information on the computers owned by Pepper Companies and improperly accessed by Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD and JOHN DOES 1 THROUGH 30 as part of the scheme, plan, coordination, and concerted efforts of Defendants.

181.   At all relevant times, Pepper Companies was and is the owner and had legal possession of the confidential and proprietary information on the computers owned by Pepper

Companies which had not otherwise been available to Lanter Delivery in the ordinary course of their business dealings and which was improperly accessed by Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD and JOHN DOES 1 THROUGH 30 as part of the scheme, plan, coordination, and concerted efforts of Defendants.

182.    Pepper Companies are entitled to the immediate possession of all Pepper Electronic Property and information taken by Defendants.

183.    Pepper Companies demanded the return of all the above property.

184.    Despite the demands of Pepper Company, the property identified above has not been returned to Pepper Companies.

185.    As described in detail above, Defendants White Line, Darien Brokerage, Lanter Delivery, and Ryder acting on their own behalf or through their agents, wrongfully took exclusive possession of approximately 1,000 power units, trailers, and other equipment in which Pepper Companies had a possessory interest, and of the Pepper Electronic Property maintained inside the equipment leased from Ryder and from Dedicated Equipment Solutions, LLC, and of the trade secret, confidential and proprietary information of Pepper Companies, and appropriated this for their own use in open defiance of Pepper Companies' right to immediate possession thereof. The property includes, but is not limited to, the possessory interest in the equipment by Plaintiffs, Pepper Electronic Property, and trade secret, confidential and proprietary information.

186.    Defendants took possession of the information and property alleged above with the intent to exercise control to the exclusion of Plaintiffs' right of ownership and possession. Defendants have unlawfully come into possession of the property and unlawfully converted it and to the damage of Plaintiffs.

187.    Although it is believed that the property is worth hundreds of thousands of dollars, at this early stage of the lawsuit, it is impossible to determine the extent of the property taken and the exact value thereof.

188.    The actions of Defendants are both extreme and outrageous because of their evil motive and reckless disregard for the rights of Plaintiffs.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs. Plaintiffs request such other and further relief as this Court may deem just and proper.

## COUNT II - UNJUST ENRICHMENT

189.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

190.    Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, Defendants have wrongfully taken possession of the trade secrets of Plaintiffs as part of the scheme, plan, coordination, and concerted efforts of Defendants.

191.    Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, Defendants have wrongfully taken possession of the confidential and proprietary information of Plaintiffs, along with equipment (including nearly 1,000 power units and trailers) that was subject of valid leasehold interests and Pepper Electronic Property maintained in said equipment as part of the scheme, plan, coordination, and concerted efforts of Defendants.

192.    Defendants have been unjustly enriched by obtaining the benefit of the trade secret, confidential and proprietary information of Pepper Companies along with equipment that was subject of valid leasehold interests and Pepper Electronic Property maintained in said equipment without paying for its benefit.

193.    The trade secret, confidential and proprietary information of Pepper Companies has value to Defendants White Line, Darien Brokerage, and Lanter Delivery as it identifies items which provide Defendants a competitive advantage, including but not limited to, employee salaries, amounts paid to drivers, customers, vendors, pricing, and any discounts to customers. The other property and equipment has value to Defendants as indicated by market value of said Pepper Electronic Property and equipment.

194.    The confidential and proprietary information of Pepper Companies has value to Defendants as it provides Defendants a competitive advantage, including but not limited to, employee salaries, scheduling and availability of drivers, amounts paid to drivers, customers, vendors, pricing, and any discounts to customers, all of which was not previously available to Lanter Delivery in the ordinary course of business.

40

195.    The other property and equipment which Defendants took from Plaintiff have value

to Defendants as indicated by the use, and by the market value, of said Pepper Electronic Property

and equipment which is in the hundreds of thousands of dollars. Furthermore, Ryder did not have

sufficient power units and trailers to provide transportation for the routes necessary for White Line

and Darien Brokerage to meet the delivery needs of Lanter Delivery's customers.

196.    Without the unjust enrichment as alleged above, Lanter Delivery would have been

in breach of its delivery obligations with its customers. Lanter Delivery was enriched thereby.

197.    As a proximate cause of Defendants' actions, Defendants have and will continue to

be unjustly enriched at the expense of Pepper Companies.

198.    Defendants acted with evil motive and intentional and reckless indifference to the

rights and interests of Pepper Companies in the trade secret, confidential and proprietary

information of Pepper Companies, or of Plaintiffs' rights and interests in the personal property and

equipment.

199.    Defendants should be required to disgorge their unjust enrichment.

200.    It would be inequitable and unjust for Defendants to retain the benefits of

possessing and utilizing the trade secret, confidential and proprietary information of Pepper

Companies, or of the Pepper Electronic Property and equipment.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL

SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE

SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC

respectfully request that this Court grant judgment in their favor, and against Defendants LANTER

DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC,

RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK

CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH

30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

### COUNT III — TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

201.   C Pepper, Timeless Logistical, Independent Service, and Interstate Service hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

202.   C Pepper, Timeless Logistical, Independent Service, and Interstate Service had numerous customers which were wholly unrelated to Lanter Delivery: Centurion Container, Trans Star, Express Courier Int., Inc. d/b/a LSO Final Mile, and Radiant Air Group ("Non-Lanter Customers").

203.   Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, Defendants Lanter Delivery Systems, White Line, and Darien Brokerage, have improperly used the trade secret, information of C Pepper, Timeless Logistical, and Interstate Service or other improper information to induce or solicit the drivers to cancel relationships and deprive Logistics Resource from the equipment necessary to service the Pepper Companies accounts for these Non-Lanter Customers.

204.   Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, Defendants Lanter Delivery Systems, White Line, and Darien Brokerage, have improperly used the proprietary and confidential information of C Pepper,

Timeless Logistical, and Interstate Service to induce or solicit the drivers and vendors necessary to service the Pepper Companies accounts for these Non-Lanter Customers to cancel and/or break their contracts and agreements.

205.   Through the above-alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, Defendants Lanter Delivery Systems, White Line, and Darien Brokerage, have improperly interfered with the contracts and valid business expectancies Pepper Companies had with their drivers to use the equipment leased by Logistics Resource.

206.   C Pepper, Timeless Logistical, Independent Service, and Interstate Service had the reasonable business expectation that its drivers would continue act pursuant to the terms of the written contracts with these drivers.

207.   Defendants had knowledge of, or reasonably should have had knowledge of, this reasonable business expectation of C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

208.   To service their Non-Lanter Customers, Logistics Resource rented/leased certain equipment from Ryder and Penske.

209.   Pepper Companies had the reasonable business expectation that it would continue to supply services to its Non-Lanter Customers and that their relationships with their existing Non-Lanter Customers would not be interfered with by Defendants.

210.   Defendants had knowledge of, or reasonably should have had knowledge of, this reasonable business expectation of C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

211.   Defendants also deprived Pepper Companies from access to the payment information, stripping them of the ability to determine what payments were due to drivers and also stripping them of the ability to pay said drivers.

212. Defendants had knowledge of, or reasonably should have had knowledge of, this reasonable business expectation of C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

213. Upon information and belief, Defendants have improperly used the proprietary and/or confidential information of C Pepper, Timeless Logistical, Independent Service, and Interstate Service or other improper information to induce or solicit drivers and employees of C Pepper, Timeless Logistical, Independent Service, and Interstate Service to breach their fiduciary duties and duties of loyalty with and to C Pepper, Timeless Logistical, Independent Service, and Interstate Service and to sever their relationship with them.

214. Defendants, through their intentional interference with the contractual relationships between C Pepper, Timeless Logistical, Independent Service, and Interstate Service and their Non-Lanter Customers, drivers, and employees, induced or caused drivers to sever their relationships with C Pepper, Timeless Logistical, Independent Service, and Interstate Service and caused their employees to breach the fiduciary duties and duties of loyalty.

215. C Pepper, Timeless Logistical, Independent Service, and Interstate Service made business decisions upon the reasonable belief that their service to Non-Lanter Customers and their relationship with its drivers and employees would continue.

216. The intentional and unreasonable interference of Defendants will prevent the service to Non-Lanter Customers and its relationship with its drivers and employees and will harm C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

217. Defendants used improper means to procure such intentional and unreasonable interference.

218. Defendants through their plan to disable and kill the Pepper Companies, engaged in such intentional and unreasonable interference without reasonable justification.

44

219.    Defendants' actions have directly and proximately caused C Pepper, Timeless Logistical, Independent Service, and Interstate Service to suffer damages and irreparable harm in the improper loss of employees, loss of drivers, loss of Non-Lanter Customers, loss of business goodwill, loss of competitive advantage and loss of business. The actions of Defendants are both extreme and outrageous because of their evil motive and intentional and reckless disregard for the rights of C Pepper, Timeless Logistical, Independent Service, and Interstate Service.

220.    The exact amounts of damages are unknown to C Pepper, Timeless Logistical, Independent Service, and Interstate Service at present, but will be determined through discovery.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, and INTERSTATE SERVICE PROVIDER, INC., respectfully request that the Court enter judgment in their favor and against LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30, to award them their costs and expenses, to enter injunctive relief restraining and enjoining Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30 from interfering with their contracts and expectancies, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, and INTERSTATE SERVICE PROVIDER, INC. pray the Court for judgment in their favor and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN,

RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30 for actual damages in an amount over Twenty-Five Thousand Dollars, as the evidence will show, and punitive damages, together with interest at the highest legal rate per annum from the relative dates to the date of judgment, for the costs of this action, including attorney's fees, and for such other and further relief as the Court deems just and proper, and to grant such other and further relief as this Court deems just and proper.

### COUNT IV — BREACH OF FIDUCIARY DUTY
### (Against RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30)

221.   Logistics Resource, C Pepper, and Independent Service hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

222.   As Transportation Manager of Logistics Resource, MARK CORDSEN was a top tier and upper echelon employee of Logistics Resource.

223.   As Regional Transportation Manager of Logistics Resource, MIKE TOMASEK was a top tier and upper echelon employee of Logistics Resource.

224.   As Transportation Manager of Logistics Resource, ANTOINE WINGARD was a top tier and upper echelon employee of Logistics Resource.

225.   As Regional Transportation Manager of Logistics Resource, ANTON LOBOV was a top tier and upper echelon employee of Logistics Resource.

226.   As Office Manager of Logistics Resource, RACHEL TOMASEK was a top tier and upper echelon employee of Logistics Resource.

227.   As Office Manager of Logistics Resource, RANDI WOOD was a top tier and upper echelon employee of Logistics Resource.

228.    As Transportation Managers, Regional Transportation Managers and Regional Recruitment Managers of certain Pepper Companies, John Does 1 through 30 were top tier and upper echelon employees of Logistics Resource, C Pepper, and/or Independent Service.

229.    As Transportation Managers, Regional Transportation Managers and Regional Recruitment Managers of certain Pepper Companies, these individual defendants each had the following duties:

    a.  Recruiting drivers and reporting status to President Jonathan Pepper in St. Louis, Missouri;

    b.  Performing payroll;

    c.  Department of Transportation compliance and reporting status to Jonathan Pepper in St. Louis, Missouri;

    d.  Customer feedback and service;

    e.  Vehicle management;

    f.  Fuel management;

    g.  Transmitting data to Jamie Webb; and

    h.  Other standard management responsibilities of a top tier and upper echelon employee.

230.    As top tier and upper echelon employees of Pepper Companies, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 owed a fiduciary duty to Logistics Resource, C Pepper, and/or Independent Service.

231.    Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1

THROUGH 30 breached their fiduciary duty owed to Logistics Resource, C Pepper, and/or Independent Service by engaging in the conduct set forth above which, upon information and belief, was part of the scheme in which all Defendants participated.

232.    The breaches of such fiduciary duty by RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 have directly and proximately caused Logistics Resource, C Pepper, and/or Independent Service to suffer damages and irreparable harm in the improper loss of employees, loss of drivers, loss of equipment to which Logistics Resource, C Pepper, and/or Independent Service had a valid possessory interest, loss of Pepper Electronic Property within said equipment, loss of customers, loss of business goodwill, loss of competitive advantage, loss of trade secrets, and loss of business.

233.    Defendants acted with evil motive and intentional and reckless indifference to the rights and interests of Pepper Companies. The exact amounts of these damages are unknown at present, but will be determined through discovery. Logistics Resource, C Pepper, and Independent Service reasonably believe, however, that such damages well exceed the $25,000 jurisdictional threshold for this Court.

**WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS INC., C. PEPPER LOGISTICS, LLC, and INDEPENDENT SERVICE PROVIDER, LLC respectfully request that the Court enter judgment in their favor and against RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, to award them damages in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1

THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

**COUNT V — BREACH OF DUTY OF LOYALTY**
**(Against RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30)**

234.    Logistics Resource, C Pepper, and Independent Service hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

235.    An employee has a duty to not compete with his or her employer concerning the subject matter of the employment and must not act in a manner that is contrary to the employer's interest while so employed.

236.    As Office Managers, Transportation Managers, and Regional Transportation Managers of Logistics Resource, C Pepper, and/or Independent Service, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were top tier and upper echelon employees and had a duty of loyalty to said Logistics Resource, C Pepper, and Independent Service which was breached by:

    a.    improperly engaging in active solicitation of Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing's vendors, fellow employees, drivers, and trade secrets while still employed by Logistics Resource, C Pepper, and/or Independent Service;

    b.    failing to perform their duties, including but not limited to, failing to deliver checks to vendors to which payments were due, soliciting employees, drivers of Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS

49

Leasing or causing them to depart Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing;

c.      improperly obtaining trade secret information of Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing with the intention of using it for a competitive advantage against Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing; and/or

d.      improperly obtaining confidential, trade secret, and proprietary information of Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing with the intention of using it for a competitive advantage against Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, and LRS Leasing.

237.   The actions of RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were, upon information and belief, undertaken as part of the scheme in which all Defendants participated.

238.   The breaches of duty of loyalty by RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 have directly and proximately caused Logistics Resource, C Pepper, and/or Independent Service to suffer damages and irreparable harm in the improper loss of employees, loss of drivers, loss of equipment to which Logistics Resource, C Pepper, and/or Independent Service had a valid possessory interest, loss of Pepper Electronic Property within said equipment, loss of customers, loss of business goodwill, loss of competitive advantage, loss of trade secrets, and loss of business.

50

239.   Defendants acted with evil motive and intentional and reckless indifference to the rights and interests of Pepper Companies. The exact amounts of these damages are unknown at present, but will be determined through discovery.

**WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS INC., C. PEPPER LOGISTICS, LLC, and INDEPENDENT SERVICE PROVIDER, LLC respectfully request that the Court enter judgment in their favor and against RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, to award them damages in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

## COUNT VI - VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

240.   C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing, and Logistics Resource hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

241.   C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing, and Logistics Resource's server, computer, computer network and/or computer system or systems that Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, accessed as described above was connected to the internet.

242.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing and Logistics Resource's server, computer, computer network and/or computer system or systems that Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 accessed as described above constitute a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2).

243.    White Line, Darien Brokerage, and Lanter Delivery directed RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 to access the server, computer, computer network and/or computer system or systems of C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing and Logistics Resource.

244.    Through the above alleged acts, which were part of the scheme, plan, coordination, direction, and concerted efforts of all Defendants as alleged hereinabove, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 have violated 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing, and Logistics Resource's server, computer, computer network and/or computer system or systems without authorization and/or exceeding their authorization and thereby obtained information from said protected server, computer, computer network and/or computer system or systems.

245.    Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 violated 18 U.S.C. § 1030(a)(4) by knowingly and with intent to defraud accessing

the C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing and

Logistics Resource's server, computer, computer network and/or computer system or systems

without authorization and/or exceeding their authorization by means of such conduct which

furthered the intended fraud and obtain the trade secrets and all or part of the trade secret, propriety

and confidential information of C Pepper, Timeless Logistical, Independent Service, Interstate

Service, LRS Leasing and Logistics Resource, which was a value greater than $5,000.

246.    Through the above alleged acts by Defendants RACHEL TOMASEK, MIKE

TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD,

and JOHN DOES 1 THROUGH 30, all Defendants violated 18 U.S.C. § 1030(a)(5)(B) and (C), by

intentionally accessing, or causing to be accessed, a protected computer without authorization

and/or exceeding their authorization, causing damage to C Pepper, Timeless Logistical,

Independent Service, Interstate Service, and Logistics Resource, recklessly or without due regard

for their actions.

247.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS

Leasing, and Logistics Resource have suffered damage and loss by reason of these actions and

violations, including, without limitation:

        a.   Loss of sales to, and payment for service from, Non-Lanter Customers,

        b.   Loss of the ability to calculate payroll and amounts due to drivers and to pay
           same,

        c.   Loss of compensation from the trade secret, propriety and confidential
           information of Pepper Companies,

        d.   Compensatory damages, including any expenditures reasonably and
           necessarily incurred by Pepper Companies to verify that a computer system,

computer network, computer program, computer service, or data was not

altered, damaged, or deleted by the access, and/or

e. Attorneys' fees incurred herein.

248.  Defendants White Line, Darien Brokerage, and Lanter Delivery encouraged,

directed, and affirmatively acted in support of RACHEL TOMASEK, MIKE TOMASEK,

ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN

DOES 1 THROUGH 30 in their actions in accessing, or causing to be accessed, a protected

computer without authorization and/or exceeding their authorization.

249.  Defendants White Line, Darien Brokerage, and Lanter Delivery knowingly

accepted the information described above from the actions of RACHEL TOMASEK, MIKE

TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD,

and JOHN DOES 1 THROUGH 30.

250.  The conduct of Defendants was intended to transmit the protected information

obtained from said protected server, computer, computer network and/or computer system or

systems to St. Louis, Missouri and was received by Lanter Delivery in this Court's jurisdiction.

251.  Through their actions, RACHEL TOMASEK, MIKE TOMASEK, ANTON

LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1

THROUGH 30 granted access to Ryder, White Line, Darien Brokerage, and Lanter Delivery of the

server, computer, computer network and/or computer system or systems of C Pepper, Timeless

Logistical, Independent Service, Interstate Service, LRS Leasing and Logistics Resource.

252.  By their actions, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV,

ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, JOHN DOES 1 THROUGH 30,

RYDER, WHITE LINE, and DARIEN BROKERAGE reasonably expected to be haled into a

court in this jurisdiction as the effects of their actions were felt herein.

54

253.   C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing and Logistics Resource have incurred substantial costs from the actions of Defendants, including but not limited to costs to investigate the improper access of the computer system, cost to repair, and costs due to interruption of service.

254.   C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS Leasing and Logistics Resource have suffered damage and loss by reason of these actions and violations in an amount to be proven at trial, but, in any event, in an amount of damage which is over $5,000 aggregated over a one-year period.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC, respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable and in excess of $25,000, together with interest and attorneys' fees and costs. Plaintiffs request such other and further relief as this Court may deem just and proper.

## COUNT VII — VIOLATION OF THE MISSOURI COMPUTER TAMPERING ACT, MO. REV. STAT. SECTION 537.525 AND THE ILLINOIS COMPUTER CRIME PREVENTION LAW, 720 ILCS 5/17-51(c)

255.   C Pepper, Timeless Logistical, Independent Service, Interstate Service, and Logistics Resource hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

256.   The trade secret, confidential, and proprietary information of Pepper Companies was maintained on computers owned by Logistics Resource and said computers were password protected.

257.   At some time from January 1, 2020 to August 29, 2020, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 knowingly performed one or more of the followings actions:

   a.   took data and/or supporting documentation, residing or existing internal or external to a computer, computer system, or computer network of C. Pepper, Timeless Logistical, Independent Service, Logistics Resource, Interstate Service, and LRS Leasing;

   b.   accessed the computer, a computer system, computer network, and/or server of C. Pepper, Timeless Logistical, Independent Service, Logistics Resource, Interstate Service, and LRS Leasing and intentionally examined confidential, trade secrets, and/or proprietary information; and/or

   c.   received, retained, used, or disclosed any data Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, and JOHN DOES 1 THROUGH 30 knew or believed was obtained as result of an action described hereinabove.

258.   Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 did so knowingly and as part of the scheme, plan, coordination, direction, and concerted efforts of Defendants.

259. RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were without authorization to do so and/or exceeded their authority.

260. As a direct and proximate result of the actions of all Defendants, including but not limited to RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 as part of the scheme, plan, coordination, and concerted efforts of Defendants, Plaintiffs have been damaged as follows:

 a. Loss of sales and service to, and payment for service from, Non-Lanter Customers,

 b. Loss of the ability to calculate payroll and amounts due to drivers and to pay same,

 c. Loss of compensation from the trade secret, propriety and confidential information of C. Pepper, Timeless Logistical, Independent Service, Logistics Resource, Interstate Service, and LRS Leasing,

 d. Compensatory damages, including any expenditures reasonably and necessarily incurred by C. Pepper, Timeless Logistical, Independent Service, Logistics Resource, Interstate Service, and LRS Leasing to verify that a computer system, computer network, computer program, computer service, or data was not altered, damaged, or deleted by the access, and/or

 e. Attorneys' fees incurred herein.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC. respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK

CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, and award monetary damages

in an amount that is fair and reasonable and in excess of $25,000, together with interest and

attorneys' fees and costs. Plaintiffs request such other and further relief as this Court may deem

just and proper.

### COUNT VIII - VIOLATION OF THE MISSOURI UNIFORM TRADE SECRETS ACT, MO. REV. STAT. § 417.450, ET SEQ. AND THE ILLINOIS TRADE SECRETS ACT, 765 ILCS 1065/2 ET SEQ.

261.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics

Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all

paragraphs herein above as though specifically set forth herein.

262.    The confidential and proprietary information of Pepper Companies constitutes, as

alleged hereinabove, trade secrets within the meaning of the respective Trade Secrets Acts in that it

represented a selective accumulation of information based on past purchasing, pricing, and selling

experience, and cultivation of customers, employees, and drivers, including the names, phone

numbers, contact information, rate of pay, health information, routes, internal evaluations, and

other internal information for said drivers, and considerable time, money, and effort went into

compiling the confidential and proprietary information of Pepper Companies.

263.    The confidential and proprietary trade secret information of Pepper Companies

derived independent economic value, actual or potential, from not being generally known to, and

not being readily ascertainable by proper means by other persons who can obtain economic value

from its disclosure or use.

264.    The confidential and proprietary trade secret information of Pepper Companies

were subject to efforts reasonable under the circumstances to maintain the secrecy of said

confidential and proprietary information by utilizing servers and computers which required a valid

Pepper Companies user name and password to access said confidential and proprietary information, and limiting secured access to such information to only those necessary personnel.

265.    As Office Managers, Transportation Managers, and Regional Transportation Managers of Pepper Companies, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were top tier and upper echelon employee of Logistics Resource.

266.    Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, by improper means as described above, which were part of the scheme, plan, coordination, direction, and concerted efforts of all Defendants, knowingly misappropriated, used and disclosed the trade secret information of Pepper Companies to the benefit of Defendants and to the detriment of Pepper Companies.

267.    Defendants knew or had reason to know that the trade secret information of Pepper Companies was acquired by improper means, notably, as part of the scheme, plan, coordination, and concerted efforts of Defendants.

268.    The trade secrets of Pepper Companies were acquired by all Defendants without the consent of Pepper Companies.

269.    All Defendants used the confidential and proprietary trade secret information of Pepper Companies for their own benefit and as part of the plan to disable and kill Pepper Companies.

270.    Defendants acted with evil motive and intentional and reckless indifference to the rights and interests of Pepper Companies, warranting the imposition of punitive damages.

271.    As a direct and proximate result of Defendants' wrongful conduct, Pepper Companies have been damaged.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

## COUNT IX — VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836(b)(1)

272.  C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

273.  The confidential and proprietary information of Pepper Companies as alleged hereinabove constitutes trade secrets within the meaning of the DEFEND TRADE SECRETS ACT in that it represented financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or

intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, which Pepper Companies has taken reasonable measures to keep such information secret, and considerable time, money, and effort went into compiling the confidential and proprietary information of Pepper Companies.

274.    The confidential and proprietary information of Pepper Companies derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

275.    The confidential and proprietary information of Pepper Companies were subject to efforts reasonable under the circumstances to maintain the secrecy of said confidential and proprietary information by utilizing servers and computers which required a valid Pepper Companies user name and password to access said confidential and proprietary information, and limiting secured access to such information to only those necessary personnel.

276.    As Office Managers, Transportation Managers, and Regional Transportation Managers of Pepper Companies, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were top tier and upper echelon employee of Logistics Resource.

277.    Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, by improper means as described above knowingly misappropriated, used and disclosed the trade secret information of Pepper Companies, which were part of the scheme, plan, coordination, direction, and concerted efforts of all Defendants, to the benefit of Defendants and to the detriment of Pepper Companies.

278.     Defendants knew or had reason to know that the trade secret information of Pepper Companies was acquired by improper means, notably, as part of the scheme, plan, coordination, and concerted efforts of Defendants.

279.     The trade secrets of Pepper Companies were acquired by all Defendants without the consent of Pepper Companies.

280.     Upon information and belief, all Defendants used the confidential and proprietary information of Pepper Companies for their own benefit.

281.     As a direct and proximate result of Defendants' wrongful conduct, Pepper Companies have been damaged.

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30, and award monetary damages as set forth in 18 U.S.C. § 1836(b)(3)(B), for damages for actual loss caused by the misappropriation of the trade secret; for damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss; or in lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secret; and in excess of $25,000, and such other and further relief as this Court may deem just and proper.

62

**COUNT X - INJUNCTION PURSUANT TO COMPUTER FRAUD AND ABUSE ACT,
18 U.S.C. § 1030**

282.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS
Leasing, and Logistics Resource hereby reallege and incorporate the allegations set forth in all
paragraphs herein above as though specifically set forth herein.

283.    The unlawful access of Defendants RACHEL TOMASEK, MIKE TOMASEK,
ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER
TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30 to, and theft from, C Pepper,
Timeless Logistical, Independent Service, LRS Leasing, Interstate Service, and Logistics
Resource's server, computer, computer network and/or computer system or systems as part of the
scheme, plan, coordination, and concerted efforts of all Defendants also have caused C Pepper,
Timeless Logistical, Independent Service, LRS Leasing, Interstate Service, and Logistics Resource
irreparable injury.

284.    Unless restrained and enjoined, Defendants LANTER DELIVERY SYSTEMS,
LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK,
MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI
WOOD, and JOHN DOES 1 THROUGH 30 will continue to benefit from the information gained
from such acts where were part of Defendants' planned and scheme to disable and kill Pepper
Companies.

285.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, LRS
Leasing, and Logistics Resource's remedy at law is not adequate to compensate it for these
inflicted and threatened injuries, entitling Pepper Companies to remedies including injunctive
relief as provided by 18 U.S.C. § 1030(g).

**WHEREFORE**, C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court enter a preliminary and permanent injunction against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30, and any persons acting in concert with them, so that they are enjoined from directly or indirectly from using, accessing, disseminating, or otherwise benefiting from the trade secret, propriety and confidential information of C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC and that they also shall return the trade secret, propriety and confidential information of C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LOGISTICS RESOURCE SOLUTIONS, INC., INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC and all copies thereof, to Plaintiffs. Plaintiffs request such other and further relief as this Court may deem just and proper, including but not limited to the award of attorneys' fees and costs.

### COUNT XI - INJUNCTION PURSUANT TO MO. REV. STAT. § 417.455 AND 765 ILCS 1065/3

286.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

287.    The confidential and proprietary information of C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing constitutes trade secrets within the meaning of the respective Uniform Trade Secrets Acts in that it represented a selective accumulation of information based on past purchasing, pricing, and selling experience, and cultivation of customers, employees, and independent contractors, and considerable time, money, and effort went into compiling the confidential and proprietary information of Pepper Companies.

288.    The confidential and proprietary information of C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

289.    The confidential and proprietary information on the of C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing were subject to efforts reasonable under the circumstances to maintain the secrecy of said confidential and proprietary information by utilizing servers and computers which required a valid C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing user name and a valid password to access said confidential and proprietary information, and limiting secured access to such information to only those necessary personnel.

290.    As Office Manager, Area Managers, and Regional Managers of Pepper Companies, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30 were top tier and upper echelon employee of C Pepper, Independent Service, and Logistics Resource.

291.   Through the above alleged acts, which were part of the scheme, plan, coordination, direction, and concerted efforts of all Defendants, Defendants RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, and JOHN DOES 1 THROUGH 30, by improper means as described above, knowingly misappropriated, used and disclosed the trade secret information of Pepper Companies to the benefit of all Defendants and to the detriment of Pepper Companies.

292.   Defendants knew or had reason to know that the trade secret information of Pepper Companies was acquired by improper means, notably, as part of the scheme, plan, coordination, and concerted efforts of all Defendants.

293.   The trade secrets of Pepper Companies were acquired by Defendants without the consent of Pepper Companies.

294.   Upon information and belief, Defendants used the confidential and proprietary information of Pepper Companies for their own benefit.

295.   As a direct and proximate result of Defendants' wrongful conduct, Pepper Companies have been damaged.

296.   In bringing this cause of action, Pepper Companies are entitled reasonable attorneys' fees.

**WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS, INC., C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, LRS LEASING, LLC, and INTERSTATE SERVICE PROVIDER, INC. respectfully request that this Court order Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30 to return to them all their

confidential information, in whatever form or medium they are stored or maintained, and all copies thereof, in whatever form or medium they are stored or maintained, award costs and actual attorneys' fees, and for such other and further relief as this Court may deem just and proper.

**COUNT XII – CLAIM PURSUANT TO 49 U.S.C. § 14704**

297.    Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

298.    Pursuant to 49 U.S.C. sections 14704(a) and (b), Logistics Resource, C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing may bring a civil action for injunctive relief and damages for violations of 49 U.S.C. section 14102 and the regulations promulgated thereunder.

299.    49 U.S.C. section 14102 enabled the US DOT to promulgate the Federal Motor Carrier "Leasing Regulations," 49 C.F.R. Part 376, which requires a written lease between a motor carrier and the "owner" of equipment used by the authorized carrier.

300.    For the relevant period, Logistics Resource was the "owner" of the equipment and had the "right to exclusive use of equipment" pursuant to 49 C.F.R. section 372.2.

301.    Lanter Delivery, White Line, and Darien Brokerage were an "authorized carrier", actual or apparent, to transport property under 49 U.S.C. subtitle IV, part B during all relevant times.

302.    Further, Lanter Delivery, White Line, and Darien Brokerage aided, abetted, encouraged, or required an "authorized carrier" to violate 49 C.F.R. Part 376 in violation of 49 C.F.R. § 390.13. Lanter Delivery, White Line, and Darien Brokerage used the equipment and continue to use some of the equipment without a written lease with Logistics Resource, the

"owner," for Lanter Delivery, White Line, and Darien Brokerage's benefit in violation of 49 C.F.R. sections 376.11 and 376.12.

303.    Through the above alleged acts, which were part of the scheme, plan, coordination, and concerted efforts of all Defendants, Pepper Companies were damaged by this violation of the aforesaid federal statute and regulations by not only depriving Logistics Resource of its possessory interest in the equipment at issue, but also to facilitate Defendant's scheme to disable and kill C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing.

304.    Through the above alleged acts, as a direct and proximate result, Pepper Companies was further damaged by having numerous DOT violations cited upon Pepper Companies while Lanter Delivery, White Line, and Darien Brokerage were causing drivers to unlawfully use the equipment at issue.

305.    Through the above alleged acts, Pepper Companies may be further damaged in the future it incur any public liability from its equipment being involved in an accident while being used by Lanter Delivery, White Line, and Darien Brokerage, whereby Pepper Companies could potentially held liable under the "logo liability" and/or "lease liability" doctrines.

306.    In bringing this cause of action, Pepper Companies are entitled reasonable attorneys' fees pursuant to 49 U.S.C. section 14704(a).

**WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS, INC., C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, INTERSTATE SERVICE PROVIDER, INC., and LRS LEASING, LLC respectfully request that this Court grant an injunction and/or judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE

WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

### COUNT XIII – FRAUD IN THE INDUCEMENT

307.   Timeless Logistical, Independent Service, and Pepper hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

308.   Lanter Delivery Systems, LLC and Lanter Delivery Systems, Inc., made material false representations to Timeless Logistical and Independent Service before they entered into Promissory Notes, and the material false representations were made with the intention to induce Timeless Logistical and Independent Service to enter into the Promissory Notes.

309.   Before Pepper entered into the Guaranty with Lanter Delivery, Lanter Delivery made material false representations to Jim Pepper with the intention to induce Jonathan Pepper to enter into the Guaranty.

310.   The false representations included statements from Lanter Delivery that:

(a)   it would continue to utilize Timeless Logistical and Independent Service to deliver shipments to customers of Lanter Delivery until the promissory notes were resolved,

(b)   rate increases in amounts equal to the payment of principal and interest would be agreed to by Lanter Delivery so there would be no net effect to Timeless Logistical and/or Independent Service, and

(c)   Lanter Delivery would not collect on or call the Guaranty other than from monies realized due to rate increases.

69

311.   This was demonstrated in practice in July 25, 2019, when Lanter Delivery took a loan payment a week before a like amount rate increase was to take effect.

312.   When Nancy M. Rakowski, the Accounts Payables Manager for Lanter Delivery was apprised of this error, she responded on July 25, 2019: "It looks like we took the loan payment out a week early. I am talking to Denise now. The ABS does not take into effect until the week of 07/22/2019."

313.   Ms. Rakowski then clarified to Plaintiffs the next day: "I will be giving you the money back on your special check today[.]"

314.   No note payments were collected from payments Lanter Delivery made to Pepper Companies other than through rate increases.

315.   The promissory notes were issued with the assurances that the parties would continue to negotiate rate increases. That representation proved to be false.

316.   Timeless Logistical, Independent Service, and Pepper justifiably relied on the representations of Lanter Delivery, without knowledge that they were false, by entering into the Promissory Notes and Guaranty with Lanter Delivery and continuing to provide delivery services to customers of Lanter Delivery.

317.   Timeless Logistical, Independent Service, and Pepper suffered loss and damage as a direct result of Lanter Delivery's fraudulent inducement.

**WHEREFORE**, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, and JONATHAN PEPPER respectfully request that this Court enter judgment in their favor, and against Defendant LANTER DELIVERY SYSTEMS, LLC, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

## COUNT XIV – DECLARATORY JUDGMENT

318.    Timeless Logistical, Independent Service, and Pepper hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

319.    As alleged above, there existed certain promissory notes between Timeless Logistical and Lanter Delivery dated March 26, 2018, June 14, 2018, September 17, 2018, May 1, 2019, and July 16, 2019.

320.    There also existed a certain promissory note between Independent Service and Lanter Delivery Services, Inc. dated February 29, 2016.

321.    On May 1, 2019, Jonathan Pepper signed a guaranty with Lanter Delivery.

322.    Through the course of dealing with Timeless Logistical and Independent Service, Lanter Delivery never called or collected payment on these various promissory notes other than through subsequent rate increases.

323.    In fact, Lanter Delivery expressly applied portions of rate increases to promissory note(s) so that the net effect was never felt by Timeless Logistical and/or Independent Service.

324.    Lanter Delivery lulled Timeless Logistical, Independent Service, and Jonathan Pepper into the belief that these promissory notes would never be called or collected other than by payments realized from rate increase.

325.    Similarly, Jim Pepper was told was told that Jonathan Pepper need not worry about his guaranty.

326.    As stated above, Pepper Companies operated on a slim margin in payment for its services by Lanter Delivery.

327.    When Lanter Delivery and its co-conspirators sought to execute their plan to take over the business, equipment, and drivers of Pepper Companies, Lanter Delivery sought to use

these promissory notes as additional financial burden upon Timeless Logistical and Independent Service, and by extension all Pepper.

328.    Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. section 2201 permit this Court to issue a declaratory judgment on a contract whenever an interested party seeks a ruling to construe the terms thereof before or after there has been any breach of said contract(s).

329.    Plaintiffs Timeless Logistical, Independent Service, and Pepper seek a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. section 2201 that Lanter Delivery is in breach of its obligations under the promissory notes as the circumstances of the issuance of said promissory notes was to permit Timeless Logistical and Independent Service to pay any such note from monies realized by rate increase with Lanter Delivery.

330.    Plaintiff Pepper seeks a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. section 2201 that Lanter Delivery is in breach of its obligations under the guaranty as the circumstances of the issuance of said guaranty, and the related promissory notes was to permit Timeless Logistical and Independent Service to pay any such note from monies realized by rate increase with Lanter Delivery.

331.    Had Timeless Logistical, Independent Service, and Pepper known that Lanter Delivery would improperly seek to call and collect on said promissory notes and guaranty, they would have insisted that Lanter Delivery compensate Pepper Companies by direct rate increases which did not subject them to such exposure.

332.    Plaintiffs also seek herein an award of their costs pursuant to Missouri Rule of Civil Procedure 87.10.

**WHEREFORE** Plaintiffs TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, and JONATHAN PEPPER, respectfully request that this Court grant judgment in their favor, and against Defendant LANTER DELIVERY

72

SYSTEMS, LLC, and that this Court enter its Order declaring that (a) Defendant LANTER DELIVERY SYSTEMS, LLC is in breach of the promissory notes and no amounts are due or owing to Defendant LANTER DELIVERY SYSTEMS, LLC; (b) that Plaintiffs shall not be responsible for any attorneys' fees incurred by Defendant LANTER DELIVERY SYSTEMS, LLC; and for such other and further relief as this Court deems just and proper.

**COUNT XV – CIVIL CONSPIRACY**

333.    C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, Pepper, and LRS Leasing hereby reallege and incorporate the allegations set forth in all paragraphs herein above as though specifically set forth herein.

334.    Defendants knowingly agreed in St. Louis County, State of Missouri, to conspire and did conspire to achieve the unlawful purpose of disabling and killing the Pepper Companies through the actions and conduct described above and below.

335.    In the course of their efforts in furtherance of their conspiracy, Defendants knowingly which include, but are not limited to:

      a.    Hijacked, converted, and took possession of hundreds of Logistics Resource's power units, trailers, and other equipment to which it had an exclusive possessory interest so that Defendants were unjustly enriched;

      b.    Took possession of Pepper Electronic Property;

      c.    Caused C Pepper, Timeless Logistical, Independent Service, Interstate Service's drivers to breach their independent contractor agreement or brokerage agreement;

      d.    Caused C Pepper, Independent Service, and/or Logistics Resource's managers and other employees to breach their duties of loyalty and fiduciary duties;

      e.    Caused C Pepper, Independent Service, and/or Logistics Resource's managers and employees to violate the trade secrets act and Defend Trade Secrets Act and

73

transmit proprietary and confidential information of Pepper Companies to Lanter Delivery, White Line, and Darien Brokerage;

f.      Engaged in computer tampering;

g.      Violated the FMCSR (49 CFR Parts 390 and 391) by having independent contractors/drivers drive without a valid "application for employment," a valid pre-employment controlled substances and alcohol test, or valid placards on their trucks;

h.      Unlawfully coerced and/or abetted drivers to violate the FMCSR in violation of 49 CFR §§ 390.6(a) and 390.13;

i.      Utilized promissory notes which Lanter Delivery had not previously intended to collect upon to leverage the financial hardship upon Plaintiffs;

j.      Violated Federal Motor Carrier "Leasing Regulations" (49 CFR Part 376) by utilizing Logistics Resource's equipment without valid leases from Pepper Companies while Logistics Resource had the right to exclusively use said equipment;

k.      Tortiously interfered with Pepper Companies' business expectations with Non-Lanter Customers by causing lessors to breach lease agreements relating to the lease of equipment;

l.      Interfered with the ability of Pepper Companies to calculate the payroll and amounts due to drivers for the period ending August 22, 2020 and the ability to pay same; and

m.      Fraudulently induced Pepper Companies, and Pepper, to enter into Promissory Notes and a Guaranty with Lanter Delivery.

336.    As alleged above, each member of the conspiracy committed a wrongful act in furtherance of the conspiracy.

337.    In addition to the actions alleged hereinabove, Defendants cooperated, aided, and/or ratified each other's acts in furtherance of their conspiracy as alleged above.

338.    Pepper Companies has suffered, and will continue to suffer, damages as a result of Defendants' acts in furtherance of their conspiracy.

339.    Defendants acted with evil motive and intentional and reckless indifference to the rights and interests of Pepper Companies, warranting the imposition of punitive damages.

340.    As a direct and proximate result of Defendants' wrongful conduct, Pepper Companies have been damaged.

341.    These actions were a conspiracy under Missouri law, Illinois law, and 18 U.S.C. section 1030(b).

**WHEREFORE**, LOGISTICS RESOURCE SOLUTIONS, INC., C. PEPPER LOGISTICS, LLC, TIMELESS LOGISTICAL SOLUTIONS, INC., INDEPENDENT SERVICE PROVIDER, LLC, INTERSTATE SERVICE PROVIDER, INC., JONATHAN PEPPER, and LRS LEASING, LLC, respectfully request that this Court grant judgment in their favor, and against Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30, and award monetary damages in an amount that is fair and reasonable, and in excess of $25,000, for punitive and exemplary damages in an amount sufficient to punish Defendants LANTER DELIVERY SYSTEMS, LLC, WHITE LINE SYSTEMS, LLC, DARIEN BROKERAGE, LLC, RACHEL TOMASEK, MIKE TOMASEK, ANTON LOBOV, ANTOINE WINGARD, MARK CORDSEN, RANDI WOOD, RYDER TRUCK RENTAL, INC., and JOHN DOES 1 THROUGH 30 and deter like conduct in the future, together with interest and attorneys' fees and costs, and such other and further relief as this Court may deem just and proper.

**Plaintiffs hereby request a jury trial on all issues so triable.**

<u>Dated</u>:  November 20, 2020

Respectfully submitted,

Mark H. Levison, No. 29976MO
Matthew S. McBride, No. 47598MO
Patrick E. Foppe, No. 57124MO
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939
(314) 621-6844/Fax
mlevison@lashlybaer.com
mmcbride@lashlybaer.com
pfoppe@lashlybaer.com

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date set forth above, the foregoing was filed electronically with the Clerk of the Court to be served upon all counsel of record by operation of the Court's electronic filing system.

*/s/ Mark H. Levison*