**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case Number: 21-21573-CV-LENARD/LOUIS

RYDER TRUCK RENTAL, INC.,

    Plaintiff

v.

LOGISTICS RESOURCE SOLUTIONS,
INC.,

    Defendant.

_____/

**RESPONSE TO PLAINTIFF RYDER TRUCK RENTAL, INC.'S**
**MOTION TO DISMISS AND MEMORANDUM OF LAW**

    Defendant/Counter-Plaintiff, Logistics Resource Solutions, Inc. ("LRS"), by and through its counsel, hereby files its Response in Opposition to Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaims Counts II through IV and Incorporated Memorandum of Law ("Motion"), and in support states as follows:

    1. The Defendant has filed a motion to allow third party defendants to be added to the complaint.

    2. The Court set forth in its case management order that July 19, 2021 was the date to filed the additional defendants.

    3. A motion and an Amended Pleading has been filed today with the additional defendants contained therein.

    4. Simultaneous the defendant has amended the counter-claims against the plaintiff and

has corrected any deficiencies contained in the plaintiffs motion to dismiss.

5.  This should render the motion to dismiss as being moot, if the Court allows the pleading to be amended to add the additional parties and correct any deficiencies therein.

WHEREFORE, Defendant moves this Court to allow the third party defendants to be added and to allow the amended pleading with deficiencies corrected as alleged the plaintiff in its motion to dismiss to be allowed to be file and thereby rendering the motion moot.

I.  **MEMORANDUM OF LAW AND**

**RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS COUNTS II THROUGH IV**

A.  **Legal Standard** is whether within the four corners of the document that there are sufficient facts alleged to support the claim.

B.  **The Court Should Not Apply the Law of the Forum State to the Counterclaims**

C.  **The LRS's Claim for Unjust Enrichment (Count II) Does Not Fail as a Matter of Law.**

### UNJUST ENRICHMENT

Pursuant to this Court's ruling in *Am. Marine Tech, Inc. v. World Group Yachting , Inc.*, a party must state "(1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof" in order to assert a claim for unjust enrichment in Florida. 418 F. Supp. 3d 1075, 1083 (S.D. Fla. 2019) (quoting *Hercules, Inc. v. Pages*, 418 F. Supp. 79, 80 (M.D. Fla. 1993).

In the present case, it is alleged that Plaintiff/Counter-Defendant has wrongfully taken possession of the trade secrets of the Defendant/Counter-Claimant as part of the scheme, plan,

coordination, and concerted efforts of Plaintiff/Counter-Defendant and all other entities. (Paragraph 101). In addition, they have wrongfully taken possession of the confidential and proprietary information of the Defendant/Counter-Claimant, along with the equipment (including nearly 1000 power units and trailers) that was subject to valid leasehold interests and Pepper electronic property maintained in said equipment as part of the scheme, plan, coordination, and concerted efforts of Plaintiff/Counter-Defendant. (Paragraph 102).

Plaintiff/Counter-Defendant has been unjustly enriched by obtaining the benefit of the trade secret, confidential and proprietary information of Pepper companies along with equipment that was subject to valid leasehold interests and Pepper electronic property maintained in said equipment without paying for its benefit. (Paragraph 102). Paragraph 103 states that "Plaintiff/Counter-Defendant has been unjustly enriched by obtaining the **benefit** of the trade secret, confidential and proprietary information... without paying for the benefit. The trade secret, confidential and proprietary information of Pepper companies has value to White Line, Darien Brokerage, and Lanter Delivery as it defines items which provide Plaintiff/Counter-Defendants a competitive advantage, including but not limited to, employee salaries, amounts paid to drivers, customers, vendors, pricing, and any discounts to customers. (Paragraph 105). This paragraph states the appreciation by the defendant in that they knew the value of the benefit. The last element is stated in paragraph 108, wherein it states that counter-defendant "...will continue to be unjustly enriched at the expense of Pepper Companies." While not the exact language, the facts as alleged state that the acceptance and retention of such benefit by the defendant under such circumstances it would be inequitable to the counter-defendant to retain the benefits. The other property and equipment has value to Plaintiff/Counter-Defendant as indicated by market value of said Pepper electronic property and

equipment.

The confidential and proprietary information of Pepper companies has value to Plaintiff/Counter-Defendants as it provides them a competitive advantage, including but not limited to, employee salaries, scheduling and availability of drivers, amounts paid to drivers, customers, vendors, pricing, and any discounts to customers, all of which was not previously available to Lanter Delivery in the ordinary course of business. The other property and equipment which Counter/Defendants took from Plaintiff have value to Counter/Defendants as indicated by the use, and by the market value, of said Pepper Electronic Property and equipment which is in the hundreds of thousands of dollars. Furthermore, Ryder did not have sufficient power units and trailers to provide transportation for the routes necessary for White Line and Darien Brokerage to meet the delivery needs of Lanter Delivery's customers.

Without the unjust enrichment as alleged above, Lanter Delivery would have been in breach of its delivery obligations with its customers. Lanter Delivery was enriched thereby. As a proximate cause of Plaintiff/Counter-Defendant's actions, Plaintiff/Counter-Defendant's have and will continue to be unjustly enriched at the expense of Pepper Companies. Plaintiff/Counter-Defendant acted with motive and intentional and reckless indifference to the rights and interests of Pepper Companies in the trade secret, confidential and proprietary information of Pepper Companies, or of Defendant/Counter-Claimant's rights and interests in the personal property and equipment. Therefore, it would be inequitable and unjust for Plaintiff/Counter-Defendant's to retain the benefits of possessing and utilizing the trade secret, confidential and proprietary information of Pepper Companies, or of the Pepper Electronic Property and equipment.

**D.     The LRS's Counterclaim Count III for Injunctive Relief for Trade Secret Misappropriation Does Not Fail as a Matter of Law.**

Under Missouri Rev. Stat. 417.455 and 765 ILCS 1056/3, a party must assert a claim that there was a misappropriation of trade secret information.  Paragraph 42 - 77 state the facts wherein the trade secrets were taken by the employees of the defendant and the electronic information was taken by Ryder.  The confidential and proprietary information of C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing constitutes trade secrets within the meaning of the respective Uniform Trade Secrets Acts in that it represented a selective accumulation of information based on past purchasing, pricing, and selling experience, and cultivation of customers, employees , and independent contractors, and considerable time, money, and effort went into compiling the confidential and proprietary information of Pepper Companies.

The confidential and proprietary information of C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use. Furthermore, the confidential and proprietary information on the of C Pepper, Timeless Logistical, Independent Service, Interstate Service, Logistics Resource, and LRS Leasing were subject to efforts reasonable under the circumstances to maintain the secrecy of said confidential and proprietary information by utilizing servers and computers which required a valid C Pepper, Timeless Logistical , Independent Service, Interstate Service, Logistics Resource, and LRS Leasing user name and a valid password to access said confidential and proprietary information, and limiting secured access to such information to only those necessary personnel.

As Office Manager, Area Managers, and Regional Managers of Pepper Companies, Defendants Rachael Tomasek, Mike Tomasek, Anton Lobov, Antoine Wingard, Mark Cordsen, Randi Wood, and John Does as part of the scheme, plan, coordination, and concerted efforts of the above listed, were top tier and upper echelon employee of C Pepper, Independent Service, and Logistics Resource. They now work for other parties and have given Ryder the information that is contained in the "black boxes" and other electronic information contained in other electronic boxes contained within the trucks that Ryder assisted in taking. Therefore, there are sufficient facts to sustain the action for injunctive relief for the trade secrets.

E. **The LRS's Counterclaim Count IV for Claim Pursuant to 49 U.S.C. § 14704 Does Not Fail as a Matter of Law.**

The defendant alleges that Ryder is not an authorized carrier or a motor carrier. They lease the trucks and as such are a motor carrier, they own the trucks. In addition, the facts demonstrate that Ryder took the trucks from the defendant and then allowed the former drivers to transport goods in their trucks. The facts as alleged, state they became a motor carrier upon the taking of the trucks and turning them over to a driver. Therefore, there are sufficient facts to sustain the action.

F. **The LRS's Remaining Claims are Not Preempted to the Extent they Involve the Purported Trade Secrets.**

The trade secrets are contained within the "electronic boxes" in the trucks. The employees also took trade secrets contained in the customer and employee files. The trade secretes contained in the "electronic boxes" cannot be cured with a contractual remedy. At this stage of the pleadings alternative remedies may be sought until the time of trial. While they may be alternate theories, at this stage they are independent theories based upon the facts

II.  **THE LRS'S COUNTERCLAIMS SHOULD NOT BE STRICKEN UNDER FEDERAL RULES 8(a) AND 12(f).**

The facts and separate counts are not "shotgun" counts. The facts detail the how the trucks, the employees, the drivers, the data and the electronic information was wrongfully taken. It was quite a feat to take some estimate 800 trucks, truck drivers, employees, data and information from the defendant. The facts as alleged are detailed. The counts are detailed. There is no "shotgun" approach to the allegation in the counts.

### CONCLUSION

Wherefore, defendant/counter/plaintiff moves this Court to either allow the pleadings to be amended or to allow the third parties to be added with the new complaint so as to cure any alleged defects that may exists.

DATED

July 19, 2021                                    RESPECTFULLY SUBMITTED,

BY: /S/ KENNETH D. COOPER
Kenneth D. Cooper, Esq. (362166)
KennethDCooperLawOffice@gmail.com
Law Office of Kenneth D. Cooper
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
Facsimile: (954) 764-5874
Attorney for Defendant, and Third Party Plaintiffs.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was by e-service through the Court's CM/ECF system on July 19, 2021 on all counsel or parties of record on the Crystal B. Carswell, ccarswell@huntonAK.com,Hunton Andrews Kurth LLP, 333 SE 2nd Avenue, Suite 2400, Miami, FL 33131, Telephone: (305) 810-2500, Facsimile: (305) 810-1690, Attorneys for Plaintiff, Ryder Truck Rental inc., on July 19, 2021.

Respectfully submitted,

/s/ Kenneth D. Cooper
Kenneth D. Cooper, Esq. (362166)
KennethDCooperLawOffice@gmail.com
Law Office of Kenneth D. Cooper
400 S.E. 8th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-7177
Facsimile: (954) 764-5874
Attorney for Defendant, and Third Party Plaintiffs.